**ORIGINAL**

FILED

JAN 1 3 2011

U.S. COURT OF
FEDERAL CLAIMS

United States Court of Federal Claims
Bid Protest

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WORLDWIDE LANGUAGE
　　RESOURCES, INC.,

　　　　　　　　　Plaintiff,

　　v.

UNITED STATES OF AMERICA,

　　　　　　　　　Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. **11-42** **C**

Judge_____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW Plaintiff, WorldWide Language Resources, Inc. ("WorldWide"), by and through its undersigned counsel, and alleges the following for its Complaint:

## JURISDICTION

1.　This Court has jurisdiction over the instant case pursuant to the Tucker Act, as amended, 28 U.S.C. §1491(b) as this action arises out of violations of law and regulation in connection with a procurement.

2.　The underlying bid protest action was dismissed at the Government Accountability Office ("GAO") upon a promise of corrective action, but the corrective action has not been completed.

## PARTIES

3.   Plaintiff, WorldWide, is a corporation incorporated under the laws of the Commonwealth of Massachusetts with its principal offices at  308 Person Street, Fayetteville, NC 03290.

4.   The Defendant is the United States of America, acting through the Department of Defense, U.S. Special Operations Command (the "DOD" or "Agency"), an executive agency of the federal government.

## STATEMENT OF FACTS

### Background

5.   WorldWide is a provider of translation and interpretation services and performs contracts for several Department of Defense agencies in various locations globally.

6.    WorldWide is a current subcontractor to Shee Atika Languages, LLC under contract H92222-07-D-0021 for linguist services at various locations supporting the US. Special Operations Command's efforts, including services being performed under Task Order ("TO") 38 of that contract.  The period of performance for this TO runs through May 23, 2011.

### The Solicitation & Evaluation

7.   On May 11, 2010, the Agency issued Request for Proposals H9222-10-R-0028 (the "RFP" or "Solicitation") for an Indefinite Delivery/Indefinite Quantity ("ID/IQ") contract to provide linguists services on a cost-plus-fixed fee basis.

8.  WorldWide submitted a responsive proposal and was informed that it was selected for the Competitive Range on July 27, 2010.

9.  On September 10, 2010, WorldWide received notice that award was made to McNeil Technologies, Inc. ("McNeil").  The award resulted in Contract No. H9222-10-D-0007.

10. On September 16, 2010, WorldWide received a debriefing by the Agency.


**GAO Protest, Stay Override, and Subsequent Actions**

11. On September 20, 2010, WorldWide filed an initial protest of this award before the GAO.  This protest was docketed as B-403969.

12. On or about September 24, 2010, the undersigned counsel for WorldWide was notified that the Agency had override the stay in the award of the contract required under the Competition in Contracting Act ("CICA Stay").  This override permitted the awardee and the Agency to execute the contract.

13. On October 19, 2010 WorldWide received the Agency Report concerning the GAO protest.

14. On October 27, 2010, after review of the Agency Report, WorldWide filed a supplemental GAO protest, alleging that the Agency had performed an improper cost realism evaluation of McNeil's offer and had based its Most Probable Cost evaluation of McNeil on an unlawful application of the Cost Accounting Standards issued pursuant to 41 U.S.C. § 422(f)(1).

15. If the Agency had not performed an improper evaluation, WorldWide would have been best value under the Solicitation and would have been awarded the contract.

16. On October 29, 2010 WorldWide submitted comments on the Agency Report concerning the initial protest.

17. On November 5, 2010, the DOD advised GAO that it intended to take corrective action on the protest by re-evaluating McNeil's proposal and making a new best value determination between McNeil and WorldWide's offers.

18. On November 5, 2010, the GAO dismissed protest B-403969 based on the DOD's promise of corrective action.

19. The DOD has permitted McNeil to execute the contract that was improperly awarded to it, and under DOD's auspices and approval, McNeil has been recruiting interpreters from WorldWide's Task Order 38 subcontract workforce.

20. The DOD and McNeil's actions in performing such recruiting are hindering and endangering WorldWide's performance under its TO 38 subcontract, and enabling McNeil to obtain the most proprietary information of WorldWide's concerning its most important asset, its linguists.

21. On November 12, 2010, the Army Contracting Officer sent a letter to the undersigned counsel for WorldWide stating as follows:

> With the understanding that WWLR will not pursue action in the Court of Federal Claims during the pendency of the corrective action, I hereby agree to accomplish the following:
>
> a.  I will execute on this date, 12 November 2010, an agreement with McNeil Technologies, Inc. under Contract H92222-10-D-0007 that McNeil will not actively recruit incumbent employees for employment under contract H92222-07-D-0021-0038 during the pendency of the corrective action being taken pursuant to GAO Bid Protests B-403969.1 & B-403969.3.  This agreement will be further memorialized via contract modification at the earliest possible opportunity.

b. HQ USSOCOM will continue to decline to provide information to McNeil Technologies to include incumbent employee lists or any other information under HQ USSOCOM control relative to contractor employees performing under Task Order 0038 (H92222-07-D-0021-0038).

22. As of the date of this filing, the DOD has not completed its re-evaluation of McNeil's proposal nor conducted a new best value determination.

23. During the months of November and December 2010, McNeil has made specific attempts at recruiting WorldWide personnel and has made at least one specific offer of employment. Such attempts to recruit have been made as recently as December 20, 2010.

## COUNT I

### IMPROPER COST REALISM EVALUATION IN VIOLATION OF FAR 15.404-1(d)

24. WorldWide incorporates by reference the factual allegations presented in paragraphs 1-23 above.

25. The DOD performed an improper and inadequate cost realism evaluation of McNeil's proposal in violation of FAR 15.404-1(d).

26. If a proper evaluation had been performed, WorldWide would have received the contract award.

## COUNT II

### UNLAWFUL APPLICATION OF COST ACCOUNT STANDARDS

27.  WorldWide incorporates by reference the factual allegations presented in paragraphs 1-26 above.

28. The DOD performed an improper most probable cost (cost realism) evaluation of McNeil that was based on an unlawful application of the Cost Accounting Standards issued pursuant to 41 U.S.C. § 422(f)(1).

29. If a proper most probable cost evaluation had been performed, WorldWide would have received the contract award.

## COUNT III

### IMPROPER BEST VALUE DETERMINATION IN VIOLATION OF FAR 15.308

30.  WorldWide incorporates by reference the factual allegations presented in paragraphs 1-29 above.

31. Because of its improper cost realism and most probable cost analysis, DOD performed an incorrect and improper best value determination in violation of FAR 15.308 and the underlying Solicitation.

32. If a proper best value analysis had been performed, WorldWide would have received the contract award.

## COUNT IV

### UNLAWFUL HINDERING OF WORLDWIDE'S CONTRACT AND UNLAWFUL OBTAINING OF CONTRACTOR'S CONFIDENTIAL INFORMATION

33. WorldWide incorporates by reference the factual allegations presented in paragraphs 1-23 above.

34. The DOD has sanctioned and permitted McNeil to recruit WorldWide linguists who are performing under the Task Order 38 subcontract, thereby hindering and impeding WorldWide's performance under Task Order 38, even though this subcontract continues until May 23, 2011.

35. The DOD has sanctioned and permitted McNeil to recruit WorldWide linguists who are performing under Task Order 38 subcontract, thereby enabling McNeil to acquire the most proprietary information possessed by WorldWide, namely, the identity and contact information for its linguists.

36. The DOD did not execute or enforce an agreement with McNeil pursuant to its promise on November 12, 2010.

## COUNT V

### FAILURE TO TAKE CORRECTIVE ACTION

37. WorldWide incorporates by reference the factual allegations presented in paragraphs 1-23 above.

38. As of the time of filing, the DOD failed to conduct or conclude its corrective action which caused the dismissal of the GAO bid protest on November 5, 2010.

39. The DOD has failed to re-evaluate McNeil's proposal and conduct a new best value determination for award of the contract.

## **RELIEF REQUESTED**

WorldWide specifically requests and prays:

1. that the Court accept jurisdiction over this matter;

2. that the Court expedite a hearing on the Preliminary Injunction moved by the Plaintiff and prohibit DOD and McNeil from recruiting WorldWide personnel committed to a DOD subcontract that continues through May 2011;

3. that the Court issue the Preliminary Injunction moved by the Plaintiff, setting aside the Agency's decision to award the Contract to McNeil, and enjoining the Government from continuing any performance or transition activity associated with Contract No. H92222-10-D-0007;

4. that the Court Order the DOD to complete its new and proper evaluation of McNeil and WorldWide's proposals, in accordance with law, regulation and stated promises for corrective action, and make a new and proper award;

5. that the Court issue a Declaratory Judgment that the DOD's action to facilitate and permit McNeil to recruit WorldWide linguists is improper;

6. that the Court issue a Declaratory Judgment that the award to McNeil was arbitrary, capricious, and violative of law and regulations;

7. that the Court award WorldWide its reasonable attorney fees and costs; and

8. that the Court provide such further relief as it deems fair and just.

Respectfully Submitted,

DATE: January 13 2011

Richard D. Lieberman
McCarthy, Sweeney & Harkaway, PC
1825 K St., NW Suite 700
Washington, DC 20006
202-775-5560
rlieberman@mshpc.com

Counsel to Plaintiff, WorldWide Language
Resources, Inc.

Of Counsel:  Gabriel D. Soll
McCarthy, Sweeney & Harkaway, PC
1825 K St., NW Suite 700
Washington, DC 20006
202-775-5560
gsoll@mshpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2011 I caused to be delivered by electronic mail a courtesy copy of the foregoing to: Steven Mager, Esq. of the Dept. of Justice at steven.mager@usdoj.gov; Robert Moore, Esq., Richard Wolf, Esq., and Jason Constantine, Esq. of Moore & Lee, LLP (counsel to the awardee) at r.moore@mooreandlee.com, r.wolf@mooreandlee.com, and j.constantine@mooreandlee.com; Maj. Patrick Vergona at Patrick.vergona@us.army.mil.

Richard D. Lieberman